The judgment of the court was pronounced by
Rost, J.
This is a suit against the husband and wife on a promissory note payable to bearer, executed in 1839, and due in March, 1840.
The defendants have filed a general denial, and pleaded the prescriptions of five and ten years. The husband further pleaded a discharge in bankruptcy, and the wife her inability to bind herself with or for him. There was* judgment for the defendants, and the plaintiffs appealed.
*670 This suit was commenced on the 28th of May, 1849. The claim against the wife, if otherwise valid, is clearly prescribed, and the plaintiff’s counsel has not urged it upon us in argument. The husband has adduced a discharge in bankruptcy in due form; but the plaintiff claims from him under a new promise alleged to have been made by him since the discharge, and the only question before us is, whether such a promise exists.
The following letter from the defendant Peck to Bartlett, was adduced in evidence by the plaintiff: “January 5th, 1845. Dear Sir; I never thought of selling the boy that is run away ; nor have not proposed to do so to any person ; nor would not sell him for any price, even run off. I did propose to swop him to Stephens for a certain boy, if he fell to him. What I owe you, I expect to pay you as fast as I can pay you in money, not in property. I will see you shortly. (Signed,) A. D. Peck.”
Plaintiff complains that he was unlawfully deprived of the right of showing that this was an answer to a letter written by him to the defendant, the substance of which was, that he had heard that one of Peck’s slaves had run away, and that he proposed to purchase him, and let the price go in part payment of the note sued on.
Supposing that evidence to be before us, we are of opinion that, taken in connection with the letter of the defendant, it would not support a new promise. The answer of Peck is positive as to one thing only, and that is, that he will not sell the runaway slave to the plaintiff. His subsequent statement, that what he owes the plaintiff he expects to pay as fast as he can pay it in money, has reference to the obligation in foro conscieniice which existed after the discharge, and is the expression of a mere hope without any words of promise or manifestation of the intent to contract an obligation. The discharge in bankruptcy operates the release of the debt, as prescription does ; and a subsequent promise to pay is a new obligation of which the preexisting debt is only the consideration. The obligation must, therefore, clearly result from the words used, or it cannot be enforced.
The judgment is affirmed, with costs.